IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARISTA RECORDS, *et al.*, | ) | CASE NO. 1:07 CV 2828 |
| | ) | |
| Plaintiffs, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DOES 1-11, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

## Introduction

Before me by referral[1] are two motions by defendant Doe # 9:  (1) to quash a subpoena issued to a non-party,[2] and (2) to dismiss all defendants but one for improper joinder.[3]  These motions have been opposed by plaintiffs.[4]  Doe # 9 has replied to the opposition to the motion to quash,[5] and the motions have been the subject of unsuccessful settlement efforts between the parties.[6]  The failure of the settlement discussions has now rendered the motions ripe for resolution.[7]

---

[1] ECF # 11.

[2] ECF # 6.

[3] ECF # 16.

[4] ECF ## 8, 18.

[5] ECF # 10.

[6] ECF ## 15, 17.

[7] *See*, ECF # 17.

As will be more fully developed below, I will initially recommend finding that the motion to quash be denied because, contrary to Doe # 9's assertion, the plaintiffs' complaint does properly state a claim of copyright infringement against Doe # 9 and so discovery may proceed. However, I will also recommend finding that because the plaintiffs' complaint does not allege a claim arising out of the same series of transactions, joinder is therefore inappropriate and so all defendants except Doe # 9, who has already entered an appearance with counsel, should be dismissed without prejudice.

### Facts

In the complaint, Arista Records[8] alleges that the Doe defendants are or were active participants on the Gnutella P2P[9] computer network.[10] The plaintiffs further allege (1) that they are the copyright holders of various sound recordings,[11] which recordings (2) the defendants, now identified only by the specific IP[12] address assigned to them by and known

---

[8] Arista is the lead plaintiff and will be used herein to mean all plaintiffs.

[9] Peer-to-peer.

[10] ECF # 1 at ¶ 18; and, *id.*, at Ex. 1. Doe # 5 is allegedly the exception, being purportedly part of the AresWarez P2P network.

[11] ECF # 1 at ¶ 20.

[12] Internet protocol.

to their ISP,[13] each downloaded[14] and distributed[15] to the public through this network.[16] Moreover, in an exhibit to the complaint, the plaintiffs identify with specificity the individual copyrighted recordings each of the Doe defendants downloaded or distributed without authorization from the copyright owners and the date of each alleged offense.[17]

By connecting Doe # 9's specific IP address to particular acts of downloading and/or uploading individual copyrighted recordings held by one of the plaintiffs, the plaintiffs allege that Doe # 9 is "a significant infringer who was caught" personally distributing as many as 495 audio files from his computer, the copyrights of which are owned by "various plaintiffs."[18] The plaintiffs further contend that because they have determined through Doe # 9's IP address that Doe # 9 was using the internet service of Case Western Reserve University (CWRU), CWRU therefore knows the true identity of Doe # 9.[19]

On these premises, the plaintiffs contend first that the subpoena to CWRU should not be quashed since the complaint adequately states an infringement claim upon which relief

---

[13] Internet service provider.

[14] Essentially, copying a file from a server accessed by the downloading user to the user's computer.

[15] Also referred to as "uploading," where a file from one computer is transferred by the uploader to another computer.

[16] ECF # 1 at ¶ 23, and ECF # 1, Ex. A, (again, excepting Doe # 5, who is alleged to have used AresWarez).

[17] ECF # 1, Ex. A.

[18] ECF # 18 at 3.

[19] *Id.* CWRU has not opposed the subpoena.

can be granted.[20] Moreover, they argue that serving CWRU at this stage of the litigation with a subpoena for its records on users of its computer system is proper under a valid, accepted theory of copyright infringement[21] that does not unduly implicate privacy rights of the Does.[22]

They further contend that joinder is proper when the joinder requirements are construed liberally because there is a question of law or fact common to the defendants.[23] Alternatively, the plaintiffs maintain that considering a joinder challenge now is premature since the Does have not yet been identified and formal service has not been accomplished.[24] The plaintiffs also assert that if the Court is inclined to order severance of the defendants, it should adopt a plan for further discovery in these cases.[25]

Essentially, Doe # 9 contends that joinder here is improper because nothing has been alleged to show that any Doe acted in concert with any other Doe, the complaint merely being that unrelated persons performing similar, but unrelated acts happened to use a

---

[20] ECF # 8 at 4-8.

[21] *Id.*, at 8-12.

[22] *Id.*, at 13-14.

[23] See, ECF # 18 at 5. "This case involves common questions of fact and copyright law because each of the Doe Defendants is engaging in copyright infringement on the internet and all are engaged in uploading and downloading copyrighted sound recordings using P2P networks."

[24] *Id.*, at 8-9. Plaintiffs state, however, that once CWRU identifies each Doe, they intend to "sever the remaining defendants or dismiss this case," refiling individual claims against each defendant.

[25] *Id.*, at 9. Such a plan, plaintiffs maintain, should permit expedited discovery.

common internet service provider.[26] Doe # 9 further argues, in the motion to quash, that the complaint is "boilerplate" and does not state sufficient facts about the particular defendants establishing the plaintiffs' right to relief in each case.[27]

## Analysis

**1.    Motion to quash**

Federal Rules of Civil Procedure 45(c)(3)(A)(iii) and (iv) provide that, upon timely motion, the issuing court must quash or modify a subpoena that requires the "disclosure of privileged or otherwise protected matter, if no exception or waiver applies,"or if compliance with the subpoena "subjects a person to undue burden."

Moreover, as was discussed in greater detail very recently by the Southern District of Ohio in *Arista Records, LLC v. Does 1-9*,[28] the court may order production of the material sought by subpoena "if the party in whose behalf the subpoena is issued shows substantial need" for the testimony or material.[29] In that regard, courts have regularly found good cause

---

[26] ECF # 16 at 2-4.

[27] ECF # 10 at 4-7.

[28] *Arista Records, LLC v. Does 1-9*, No. 2:07-cv-961, 2008 WL 2982265 (S.D. Ohio, July 29, 2008). The Southern District located defendant's objection as falling under Fed. R. Civ. P. 45(c)(3)(B)(i) – disclosure of trade secrets or other commercial information – not (A)(iii)'s focus on "privileged or otherwise protected matter." Without knowing exactly how the motion to quash was presented in the Southern District (and it involved the same attorney for the defendant as here), and without any specific citation from the defendant in the motion at bar, it seems clear that defendant's general objections to the subpoena violating his right to privacy at his university are more fittingly understood as falling under (A)(iii) and not under B(i)'s focus on commercial trade secrets.

[29] *Id.*, at *4.

for the discovery of names associated with IP addresses in suits by the recording industry alleging the illegal downloading and distribution of copyrighted music by individuals whose IP address is known but where the plaintiffs "do not have the name of the person whose computer was associated with that [IP] address."[30]

Here, as was the case in the *Arista* matter before the Southern District, I initially recommend finding that the plaintiffs have alleged copyright infringement by the Does with sufficient particularity at this stage of the proceedings. Specifically, they have (1) alleged that copyright ownership exists in the plaintiffs as to the allegedly infringed material, and (2) that the defendants have copied and distributed this copyrighted material without permission on the dates specified.[31] Those allegations provide, as required in Federal Rule of Civil Procedure 8, "a short plain statement that alleges both their copyright ownership and violation of one or more of the exclusive rights [of copyright owners] identified in 17 U.S.C. § 106."[32] Thus, to the extent that Doe # 9 argues that the subpoenas here are impermissible because they do not relate to a well-pleaded claim for relief, I recommend finding that the argument is unpersuasive.

Further, to the extent that Doe # 9 contends that the subpoenas should be quashed because they unduly infringe on his privacy, I recommend finding, again in accord with the

---

[30] *Id.* (collecting cases).

[31] *See*, ECF # 8 at 5.

[32] *Arista*, 2008 WL 2982265, at *8.

Southern District, that the subpoenaed records are not a type that, if disclosed, would be harmful to the defendants or an invasion of privacy.[33]

Thus, in sum, I recommend denying Doe # 9's motion to quash.

**2.    Joinder**

Federal Civil Rule 20(a)(2)(A) allows joinder of defendants if the right to relief arises from the same series of transactions. However, joinder is inappropriate if unconnected defendants engage in a series of similar but wholly independent transactions that do similar harm to the plaintiff.[34]

Proper application of the rule to copyright infringement in P2P downloading cases has divided the courts by jurisdiction. The difficulty lies in whether the use of the same P2P network is enough to establish that each instance of downloading or distribution by defendants is part of a single series of transactions.

Cases have been cited to this court which indicate that there is a substantial number of jurisdictions both allowing and disallowing joinder under identical circumstances.[35] I have

---

[33] *Id.*, at *5. Under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, information such as a student's name, address, telephone listing, date and place of birth is "directory information" that may be disclosed without an invasion of privacy.

[34] *See*, *Demboski v. CSX Transp.*, 157 F.R.D. 28, 29-30 (S.D. Miss.,1994); *see also*, *Bridgeport Music v. 11C Music*, 202 F.R.D. 229, 232 (M.D. Tenn. 2001).

[35] *See*, ECF # 18, Ex. A (where plaintiff listed 305 cases it claims support its position that joinder is appropriate, although I identified several from the Northern District of Ohio that were inapplicable); *see also*, ECF # 16 at 2 (where defendant listed several cases where joinder was found to be inappropriate from other jurisdictions).

found no binding precedent in the Northern District of Ohio, the Sixth Circuit, or the Supreme Court directly on point.[36]

However, the Southern District of Ohio has again established precedent directly on point in *Arista Records v. Does 1-9*,[37] and I am again persuaded by the Court's reasoning on this issue. In that case, the court held that joinder was improper, because the plaintiffs failed to show that the copyright infringement claims against the Does arose out of the same transaction, occurrence, or series of transactions or occurrences.[38] The court reasoned that merely alleging that the defendants all used the same ISP and P2P network to conduct copyright infringement without asserting they acted in concert is not enough to satisfy the same transaction or occurrence requirement of a Rule 20(a) joinder.[39]

---

[36] Plaintiffs argue that in several cases, the Northern District of Ohio has allowed expedited discovery in similar cases and, therefore, allowing joinder is the proper approach. Several cases are cited in support of this position, but none of them is relevant to the issue of joinder. Specifically, plaintiffs cite to *Virgin Records Am. v. John Doe*, Case No. 5:04CV1976 (N.D. Ohio, Oct. 5, 2004) (which involved only one defendant), *Atlantic Recording Corp. v. John Doe*, Case No. 3:04CV7682 (N.D. Ohio 2004) (which also involved only one defendant), and *Priority Records v. Does 1-10*, No. 5:07CV1407 (N.D. Ohio 2007) (which was settled before discovery). I have thus found no controlling precedent in this District on the precise question at issue here.

[37] *Arista Records v. Does 1-9*, Case No. 2:07-cv-961, at \*\*12-14 (S.D. Ohio, 2007).

[38] *Id.*, at \*12.

[39] *Id.*, at \*13, citing to *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782, at \*19 (M.D. Fla. 2004) (emphasis added).

Arista records insists that *Stone Age Foods v. Exchange Bank*[40] represents an analogous holding that would allow utilizing the same P2P network is enough to support joinder of defendants. In that case, "[t]he Stone Age complaint alleges a *single harm proximately caused* by the negligence of the two Defendants."[41] There, each of the defendants' negligence contributed to cashing of a single inappropriately cashed check.[42]

The situation now before this Court is distinguishable from *Stone Age Foods*. In the present case, there are many alleged harms, in the form of multiple copyright infringements, that have been inflicted upon the plaintiff. Merely using the same tool to commit *similar harms* does not analogize to the *Stone Age Foods* case, where a *single harm* was caused to the plaintiff by different actions of multiple defendants.

In this case, Arista Records has not alleged any connection between the Does and Doe # 9 in any way beyond the use of the same P2P network.[43] The facts which connect most of the defendants – that the defendants use of the same internet provider in CWRU's network and the same P2P network – are analogous to the situation in *Arista Records* from the Southern District of Ohio. The plaintiffs here characterize the use of the same P2P

---

[40] *Stone Age Foods v. Exchange Bank*, No. C-04585 CW, 1997 WL 123248 (N.D. Cal., March 4, 1997).

[41] *Id.*, at *2.

[42] *Id.*

[43] Doe # 5 does not even share this factual similarity, as Doe # 5 uses a different P2P network.

-9-

network as "concerted actions"[44] by the defendants. However, the mere common use by otherwise separate and unrelated defendants of the same program in inflicting the same type of harm on a single plaintiff is inadequate to support a finding that the defendants' actions were "concerted." The allegation that the participation of all the Doe defendants contemporaneously contributes to the magnification of damages,[45] while creative, fails to create a strong enough logical link between the defendants for this Court to find "concerted action." Without alleging more, such as the various defendants causing the *same* harm (rather than same type of harm), there is not enough in this claim to justify application of joinder.

The appropriate remedy for misjoinder is dismissal. Federal Civil Rule 21 states "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Since Doe # 9 is represented, unlike the other Does, I recommend dismissing without prejudice all defendants but Doe # 9.

Alternatively, as was the case in the Southern District, I also recommend that any dismissal of the other Doe defendants be delayed until after the subpoenas are served on CWRU. If there is evidence of concerted action, as defined here, between any Doe defendants and Doe # 9, that evidence could permit those defendants identified in concerted action to remain properly joined. Or, if evidence of concerted action is not produced through

---

[44] ECF # 18 at 6.

[45] *Id.*

-10-

this discovery, the plaintiffs have stated that they "intend to sever the remaining defendants or dismiss this case and re-file an individual lawsuit against each named defendant."[46]

## Conclusion

For the foregoing reasons, I recommend that Doe # 9's motion to quash be denied and that his motion to dismiss for improper joinder be granted as more fully described above, or, alternatively, that a ruling on this motion be held in abeyance pending completion of the discovery now proposed by the plaintiffs.

Dated:  September 8, 2008                              s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[47]

---

[46] ECF # 18 at 9.

[47] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).